UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONICO J. QUIROGA,<br><br>    Plaintiff,<br><br>    v.<br><br>C. CHAPA,<br><br>    Defendant. | Case No.: 1:16-cv-00071-SAB (PC)<br><br>ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF AND DENYING PLAINTIFF'S MOTIONS FOR SUBPOENA AND INJUNCTIVE RELIEF<br><br>[ECF Nos. 1, 9, 10] |

Plaintiff is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 636(c), Plaintiff consented to the jurisdiction of the United States Magistrate Judge on February 16, 2016. Local Rule 302.

Currently before the Court is Plaintiff's complaint, filed January 15, 2016. On February 22, 2016, Plaintiff filed a motion to subpoena Kern County police reports and a separate motion for issuance of a restraining order. (ECF Nos. 9, 10.)

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by persons proceeding in pro per. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28

U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

While persons proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff is currently in the custody of the Kern County Sheriff's Department, and is incarcerated at the Lerdo pre-trial facility, where the events at issue took place.

Plaintiff names officer C. Chapa as the sole Defendant. Plaintiff contends that he was subjected to sexual contact, oral copulation, manipulation of his penis. As relief, Plaintiff requests criminal charges be brought against Chapa, removal from employment, and no further retaliation or reprisal be taken against him.

///

///

///

# III.

# DISCUSSION

### A.     Section 1983 Linkage

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law.  Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred."  Crowley v. Nevada ex rel. Nevada Sec'y of State, 678 F.3d 730, 734 (9th Cir. 2012) (citing Graham v. Connor, 490 U.S. 386, 393-94 (1989)) (internal quotation marks omitted).  To state a claim, Plaintiff must allege facts demonstrating the existence of a link, or causal connection, between each defendant's actions or omissions and a violation of his federal rights.  Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011).

### B.     Conditions of Confinement

Conditions of confinement claims brought by pretrial detainees are analyzed under the Due Process Clause of the Fourteenth Amendment rather than under the Cruel and Unusual Punishments Clause of the Eighth Amendment.  Oregon Advocacy Center v. Mink, 322 F.3d 1101, 1120 (9th Cir. 2003).  However, the Eighth Amendment's deliberate indifference standard sets the minimum standard of care due pretrial detainees.  Id. at 1120.

Plaintiff's vague and conclusory allegations fail to state a cognizable claim for relief.  Plaintiff does not allege any details of Defendant's alleged sexual misconduct, such as how Plaintiff was inappropriately touched, whether anyone witnessed the touching, the circumstances surrounding the touching, the location of the alleged touching, and the extent of such alleged touching.  In addition, Plaintiff alleges no direct actions by Defendant Chapa.  Without sufficient factual detail, the Court cannot determine whether Plaintiff's claim of sexual misconduct is frivolous or states a plausible claim for relief.  Plaintiff will granted leave to amend, if he feels he can do so in good faith.

///

///

1     **C.    Demand for Relief**

2     Rule 8 of the Federal Rules of Civil Procedure specifically states that a claim for relief must contain "a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a)(3).

Plaintiff cannot seek criminal charges as a form for relief in a section 1983, and such demand for relief must be dismissed. See Diamond v. Charles, 476 U.S. 54, 64 (1986) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.") (citing Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973)).

    **D.    Exhaustion of Administrative Remedies**

Pursuant to the Prison Litigation Reform Act (PLRA) of 1996, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532 (2002).

Although the "failure to exhaust is an affirmative defense under the PLRA," a prisoner's complaint may be subject to dismissal for failure to state a claim when an affirmative defense appears on its face. Jones v. Bock, 549 U.S. at 202, 215; see also Albino v. Baca, 747 F.3d 1162, 1169 (9th Cir. 2014) (en banc) (noting that where a prisoner's failure to exhaust is clear from the fact of the complaint, his complaint is subject to dismissal for failure to state a claim); Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to nonexhaustion is a valid ground for dismissal[.]"), overruled on other grounds by Albino, 747 F.3d at 1166.

In this case, Plaintiff used the Court's a complaint under the Civil Rights Act, 42 U.S.C. § 1983, which asks "[i]s there a grievance procedure available at your institution?" Plaintiff checked the box "yes." (ECF No. 1 at 3.) Plaintiff is then asked if he has "filed a grievance concerning the facts

relating to this complaint?" In response, Plaintiff checked the box "no," and explains "internal affairs interview 11-25-2015 and 11-26-2015 K.C.S.O. report." (Id.) In response to the question whether the grievance process is complete, Plaintiff checks the box "no." (Id.)

Plaintiff is advised that he must exhaust the available administrative remedies prior to filing suit as to all claims, even those for monetary damages. See Booth v. Churner, 532 U.S. 731, 741 (2001) (noting exhaustion of administrative remedies under the PLRA is mandatory, regardless of the relief offered and sought.) In addition, a prisoner must exhaust the administrative remedies prior to filing his complaint in federal court. Vaden v. Summerhill, 449 F.3d 1047, 1051 (9th Cir. 2006). Based on Plaintiff's assertion on the complaint form that he has not exhausted the available administrative remedies, if Plaintiff files an amended complaint he must clarify whether exhaustion of the administrative remedies is complete or the action may be dismissed, without prejudice, for failure to exhaust.

### E. Motion for Subpoena of Police Reports

On February 22, 2016, Plaintiff filed a motion seeking to subpoena the Kern County Sheriff's Department's police reports involving himself and officer Chapa.

As stated in the Court's First Informational Order, issued January 19, 2016, "[n]o discovery may be initiated until the Court issues a discovery order or otherwise orders that discovery begin." (ECF No. 2, Order at 4:18-19.) In addition, once discovery is open, discovery requests must be served directly on the opposing part and not filed with the Court. (Id. at 4.) Accordingly, Plaintiff's motion to subpoena certain police reports is DENIED.

### F. Motion for Restraining Order

On February 22, 2016, Plaintiff filed a motion seeking a restraining order to prevent officer C. Chapa from coming within 100 yards of contact with him.

The purpose of a temporary restraining order or a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). "A plaintiff seeking a preliminary injunction [or temporary restraining order] must establish that he is likely to succeed on the merits, that he is likely

to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008).

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (quotations and citations omitted) (emphasis in original).  A party seeking a temporary restraining order or preliminary injunction simply cannot prevail when that motion is unsupported by evidence.

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy.  City of Los Angeles v. Lyons, 461 U.S. 95 102 (1983); Valley Forge Christian Coll. V. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982).  If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question.  Id.  Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

As a preliminary matter, because Plaintiff's complaint is dismissed with leave to amend, there is no case or controversy and the Court's lacks jurisdiction to issue any injunctive relief.  Moreover, Defendant Chapa has not been served with the complaint as Plaintiff has failed to state a cognizable claim for relief.  As a result, the Court lacks personal jurisdiction over the named Defendant.  "A federal court may [only] issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."  Zepeda v. United States Immigration Service, 753 F.3d 719, 727 (9th Cir. 1985). Accordingly, Plaintiff's motion for injunctive relief must be denied.

///

///

///

6

## IV.

## CONCLUSION AND ORDER

For the reasons stated, Plaintiff's complaint fails to state a claim upon which relief may be granted. Plaintiff is granted leave to file an amended complaint within thirty (30) days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Plaintiff's complaint, filed January 15, 2016, is dismissed for failure to state a claim;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;
4. Plaintiff's motion for issuance of a subpoena is DENIED;
5. Plaintiff's motion for injunctive relief is DENIED; and

///

6. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed for failure to state a claim.

IT IS SO ORDERED.

Dated: **February 25, 2016**

UNITED STATES MAGISTRATE JUDGE