|   |   |
|---|---|
| MONICO J. QUIROGA, | Case No.: 1:16-cv-00071-SAB (PC) |
| Plaintiff, | |
| v. | ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(M) |
| C. CHAPA, | |
| | [ECF No. 21] |
| Defendant. | |

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

At the time Plaintiff filed the instant action pursuant to 42 U.S.C. § 1983, he was a pretrial detainee. Plaintiff is proceeding pro se and in forma pauperis in this action. Pursuant to 28 U.S.C. § 636(c), Plaintiff consented to the jurisdiction of the United States Magistrate Judge on February 16, 2016. Local Rule 302.

This action is proceeding on Plaintiff's amended complaint against Defendant C. Chapa for sexual assault in violation of the Fourteenth Amendment. On May 23, 2016, the Court ordered the United States Marshal to service the summons and complaint on Defendant Chapa. However, the Marshal was not able to locate Defendant Chapa and service was returned un-executed on October 6, 2016.

///

///

///

1

Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 90 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

In cases involving a plaintiff proceeding in forma pauperis, the Marshal, upon order of the Court, shall serve the summons and the complaint. 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3). "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and [he] should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties." Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (internal quotations and citation omitted), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is automatically good cause. . . ." Walker, 14 F.3d at 1422 (internal quotations and citation omitted). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's sua sponte dismissal of the unserved defendants is appropriate. Walker, 14 F.3d at 1421-22.

At this juncture, the Marshal's Office has exhausted the avenues available to it in attempting to locate and serve Defendant Chapa.[1]  Walker, 14 F.3d at 1421-22.  Plaintiff shall be provided with an opportunity to show cause why Defendant Chapa should not be dismissed. Fed. R. Civ. P. 4(m).  If Plaintiff either fails to respond to this order or responds but fails to show cause, this action will be dismissed, without prejudice.

///

///

///

///

---

[1] The Marshal's Office sought assistance from the County Counsel who indicated that C. Chapa longer works for Kern County.  Counsel advised that Chapa cannot be located and the County will not represent her at this time. (ECF No. 21.)

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Within **thirty (30) days** from the date of service of this order, Plaintiff shall show cause why this action should not be dismissed; and

2. The failure to respond to this order or the failure to show cause will result in the dismissal of this action.

IT IS SO ORDERED.

Dated:   **October 7, 2016**

UNITED STATES MAGISTRATE JUDGE