UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONICO J. QUIROGA,<br><br>        Plaintiff,<br><br>    v.<br><br>C. CHAPA,<br><br>        Defendant. | Case No. 1:16-cv-00071-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL<br><br>[ECF No. 26] |

       Plaintiff is currently a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  At the time Plaintiff filed the instant action pursuant to 42 U.S.C. § 1983, he was a pretrial detainee.  Pursuant to 28 U.S.C. § 636(c), Plaintiff consented to the jurisdiction of the United States Magistrate Judge on February 16, 2016.  Local Rule 302.

       Currently before the Court is Plaintiff's motion for appointment of counsel, filed November 10, 2016.  Plaintiff seeks appoint of counsel to assist him in litigating this matter.

       Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved."  Id.  (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances.  Even if it assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.  Plaintiff alleges that he was sexually assault in violation of the Fourteenth Amendment.  The legal issues present in this action are not complex, and Plaintiff has thoroughly set forth his allegations in the complaint.  However, at this early stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the Court does not find that plaintiff cannot adequately articulate his claims.  Id.

For the foregoing reasons, Plaintiff's motion for the appointment of counsel is HEREBY DENIED.

IT IS SO ORDERED.

Dated:   **November 14, 2016**                    _____
                                                  UNITED STATES MAGISTRATE JUDGE