UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONICO J. QUIROGA,<br><br>              Plaintiff,<br><br>       v.<br><br>C. CHAPA,<br><br>              Defendant. | Case No. 1:16-cv-00071-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO ADD JURISDICTION UNDER 18 U.S.C. § 242<br><br>[ECF No. 32] |

At the time of filing the instant civil rights action pursuant to 42 U.S.C. § 1983, Plaintiff was a Plaintiff is proceeding pro se and in forma pauperis in this action.  Pursuant to 28 U.S.C. § 636(c), Plaintiff consented to the jurisdiction of the United States Magistrate Judge on February 16, 2016.  Local Rule 302.

Currently before the Court is Plaintiff's motion to add jurisdiction under 18 U.S.C. § 242, filed February 21, 2017.  Plaintiff's motion must be denied.

To state a claim under § 1983, a plaintiff must plead that the named defendant (1) acted "under color of state law" and (2) "deprived the plaintiff of rights secured by the Constitution or federal statutes." Gibson v. United States, 781 F.2d 1334, 1338 (9th Cir. 1986); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006).  This action is proceeding under 42 U.S.C. § 1983 against Defendant Chapa for sexual assault in violation of the Fourteenth Amendment of the United States Constitution.

1

Plaintiff is advised that 18 U.S.C. § 242 criminalizes the deprivation of rights under color of law and provides no basis for civil liability.  See <u>Aldabe v. Aldabe</u>, 616 F.2d 1089, 1092 (9th Cir. 1980).  Accordingly, Plaintiff's motion to add jurisdiction under 18 U.S.C. § 242, must be denied.

IT IS SO ORDERED.

Dated:   **February 22, 2017**

UNITED STATES MAGISTRATE JUDGE