# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONICO J. QUIROGA, | Case No. 1:16-cv-00071-SAB (PC) |
| Plaintiff, | |
| v. | SECOND ORDER TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE DISMISSED, WITHOUT PREJUDICE, PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(M) |
| C. CHAPA, | |
| Defendant. | [ECF No. 36] |

Plaintiff is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 636(c), Plaintiff consented to the jurisdiction of the United States Magistrate Judge on February 16, 2016. Local Rule 302.

This action is proceeding on Plaintiff's amended complaint against Defendant C. Chapa for sexual assault in violation of the Fourteenth Amendment.

On May 23, 2016, the Court ordered the United States Marshal to service the summons and complaint on Defendant Chapa. However, the Marshal was not able to locate Defendant Chapa and service was returned un-executed on October 6, 2016. It was noted that C. Chapa was no longer employed by Kern County. On December 12, 2016, the Court issued a second order directing the United States Marshal to serve Defendant C. Chapa and to review personnel and/or county/state records to ascertain Chapa's current address of record.

Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 90 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

In cases involving a plaintiff proceeding in forma pauperis, the Marshal, upon order of the Court, shall serve the summons and the complaint. 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3). "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and [he] should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties." Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (internal quotations and citation omitted), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is automatically good cause. . . ." Walker, 14 F.3d at 1422 (internal quotations and citation omitted). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's sua sponte dismissal of the unserved defendants is appropriate. Walker, 14 F.3d at 1421-22.

On April 11, 2017, the summons was returned unexecuted. (ECF No. 36.) On the form, the Marshal notes that the address provided was for sale and appeared vacant. Contact was made with the agent selling the house who stated the house has been vacant since January and he/she did not recognize the Defendant's name. (Id.) At this juncture, the Marshal's Office has exhausted the avenues available to it in attempting to locate and serve Defendant Chapa. Walker, 14 F.3d at 1421-22. Plaintiff shall be provided with an opportunity to show cause why the action should not be dismissed for failure to serve and locate Defendant Chapa. Fed. R. Civ. P. 4(m). If Plaintiff either fails to respond to this order or responds but fails to show cause, this action will be dismissed, without prejudice.

///

///

2

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Within **thirty (30) days** from the date of service of this order, Plaintiff shall show cause why this action should not be dismissed; and

2. The failure to respond to this order or the failure to show cause will result in the dismissal of this action.

IT IS SO ORDERED.

Dated: __**April 11, 2017**__

UNITED STATES MAGISTRATE JUDGE