# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONICO J. QUIROGA, | Case No. 1:16-cv-00071-SAB (PC) |
| Plaintiff, | |
| v. | ORDER DENYING PLAINTIFF'S MOTION TO COMPEL, DISMISSING ACTION, WITHOUT PREJUDICE, PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(m), AND DENYING MOTION FOR FEDERAL OVERSIGHT AS MOOT |
| C. CHAPA, | |
| Defendant. | |
| | [ECF Nos. 36, 37, 41] |

Plaintiff is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 636(c), Plaintiff consented to the jurisdiction of the United States Magistrate Judge on February 16, 2016. Local Rule 302.

The Court found that Plaintiff's complaint stated a cognizable claim against Defendant C. Chapa for sexual assault in violation of the Fourteenth Amendment.

On May 23, 2016, the Court ordered the United States Marshal to service the summons and complaint on Defendant Chapa. (ECF NO. 19.) However, the Marshal was not able to locate Defendant Chapa and service was returned un-executed on October 6, 2016. It was noted that C. Chapa was no longer employed by Kern County. (ECF No. 21.)

On December 12, 2016, the Court issued a second order directing the United States Marshal to serve Defendant C. Chapa and to review personnel and/or county/state records to ascertain Chapa's current address of record. (ECF No. 31.)

1

Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 90 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

In cases involving a plaintiff proceeding in forma pauperis, the Marshal, upon order of the Court, shall serve the summons and the complaint. 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3). "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and [he] should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties." Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (internal quotations and citation omitted), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is automatically good cause. . . ." Walker, 14 F.3d at 1422 (internal quotations and citation omitted). Thus, while an incarcerated pro se litigant proceeding in forma pauperis is entitled to rely on the service of the summons and complaint by the U.S. Marshal, the U.S. Marshal can attempt service only after being provided with the necessary information to effectuate service. Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's sua sponte dismissal of the unserved defendants is appropriate. Walker, 14 F.3d at 1421-22.

On April 11, 2017, the summons was returned unexecuted. (ECF No. 36.) On the form, the Marshal notes that the address provided was for sale and appeared vacant. Contact was made with the agent selling the house who stated the house has been vacant since January and he/she did not recognize the Defendant's name. (Id.) In light of the Marshal's inability to serve Defendant Chapa, the Court issued a second order to show cause why the action should not be dismissed, without prejudice, on April 12, 2017. (ECF No. 37.) On April 28, 2017, Plaintiff filed a response to the order

to the show cause, along with a motion to compel discovery and motion for federal oversight. (ECF Nos. 40, 41, 42.)

In his response to the order to show cause, Plaintiff contends that he is entitled to rely on the U.S. Marshal for service of the summons and complaint and he should not be penalized by dismissal of the action for failure to effectuate service. (ECF No. 41.) In his motion to compel, Plaintiff simply seeks the last known address for Defendant Chapa for service by the United States Marshal. (ECF No. 40.) However, as Plaintiff was previously advised, the United States Marshal has already been provided with the last known address of Defendant Chapa and attempted personal service at such address to no avail. (ECF No. 36.) Thus, there is no basis to compel further discovery of information that has already been ascertained and exhausted by the United States Marshal, and Plaintiff has failed to demonstrate good cause for failure to serve Defendant Chapa. Accordingly, Plaintiff's motion to compel further discovery is denied, and the instant action must be dismissed, without prejudice, pursuant to Federal Rule of Civil Procedure 4(m).

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion to compel, filed April 28, 2017, is denied;

2. The instant action is dismissed, without prejudice, pursuant to Federal Rule of Civil Procedure 4(m);

3. Plaintiff's motion for federal oversight, filed April 28, 2017, is denied as moot; and

4. The Clerk of Court is directed to terminate this action.

IT IS SO ORDERED.

Dated: **May 1, 2017**

UNITED STATES MAGISTRATE JUDGE