# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONICO J. QUIROGA,<br><br>    Plaintiff,<br><br>v.<br><br>C. CHAPA,<br><br>    Defendant. | Case No. 1:16-cv-00071-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CERTAIN DEFENDANTS FOR FAILURE TO STATE A COGNIZABLE CLAIM AND DISMISSAL OF DEFENDANT CHAPA PURSUANT TO RULE 4(M) OF THE FEDERAL RULES OF CIVIL PROCEDURE<br><br>[ECF Nos. 12, 15, 43, 49] |

Plaintiff is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

## I.

## PROCEDURAL HISTORY

Plaintiff filed the original complaint on January 15, 2016. On August 2, 2017, the Court found that Plaintiff failed to state a cognizable claim for relief and granted Plaintiff leave to file an amended complaint. (ECF NO. 11.) Plaintiff filed a first amended complaint on April 7, 2016. (ECF No. 12.) On April 29, 2016, the Court screened Plaintiff's first amended complaint and found that Plaintiff stated a cognizable claim for sexual assault against Defendant Chapa, but Plaintiff failed to state a

1

cognizable claim against Defendants King, Fuentes and Gonzalez. (ECF No. 14.) Plaintiff was given the opportunity to file a second amended complaint or notify the Court of his intent to proceed only on the claim against Defendant Chapa. (Id.) On May 9, 2016, Plaintiff notified the Court of his intent to proceed only the claim against Defendant Chapa. (ECF No. 15.) Accordingly, on May 11, 2016, the claims against Defendants King, Fuentes and Gonzalez were dismissed. (ECF No. 16.)

On May 1, 2017, after providing Plaintiff with several opportunities to provide (or find) the service address for Defendant Chapa, the Court dismissed this action, without prejudice, pursuant to Federal Rule of Civil Procedure 4(m) for Plaintiff's failure to provide the United States Marshal with accurate and sufficient information to effect service on Chapa. (ECF No. 43.)

On June 19, 2018, the Ninth Circuit Court of Appeals vacated and remanded the action to this Court. (ECF No. 49.) Specifically, the Ninth Circuit found that because all the parties, including unserved defendants, had not consented to proceed before the magistrate judge, the order was vacated and the case was remanded for further proceedings pursuant to Williams v King, 875 F.3d 500, 503-04 (9th Cir. 2017). (Id.) The Ninth Circuit issued the mandate on July 11, 2018. (ECF No. 50.)

As described below, the Court will recommend that the assigned district judge dismiss this case consistent with the previous orders by the undersigned.

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by persons proceeding in pro per. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally

participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

While persons proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.
## COMPLAINT ALLEGATIONS

Plaintiff's allegations concern events which took place while he was in the custody of the Kern County Sheriff's Department and incarcerated at the Lerdo Pre-trial Facility. Plaintiff names C. Chapa, T. King, Fuentes, and Gonzalez as Defendants.

Plaintiff contends that officer C. Chapa subjected him to several instances of sexual misconduct, including masturbation and oral copulation, and Defendants King, Fuentes and Gonzalez failed to intervene.

## III.
## SCREENING ORDER

**A.  Sexual Misconduct**

Conditions of confinement claims brought by pretrial detainees are analyzed under the Due Process Clause of the Fourteenth Amendment rather than under the Cruel and Unusual Punishments Clause of the Eighth Amendment. Oregon Advocacy Center v. Mink, 322 F.3d 1101, 1120 (9th Cir. 2003). However, the Eighth Amendment's deliberate indifference standard sets the minimum standard of care due pretrial detainees. Id. at 1120. Sexual abuse of prisoners has been held to constitute cruel and unusual punishment. Schwenk v. Hartford, 204 F.3d 1187, 1197 (9th Cir. 2000).

Based on Plaintiff's allegations in the amended complaint, Plaintiff states a cognizable claim for sexual assault against Defendant Chapa.

**B.    Failure to Intervene**

An officer can be held liable for failing to intercede only if he had a "realistic opportunity" to intercede. Cunningham v. Gates, 229 F.3d 1271, 1289 (9th Cir. 2000); Robins v. Meecham, 60 F.3d 1436, 1442 (9th Cir. 1995). Supervisory personnel may not be held liable under section 1983 for the actions of subordinate employees based on *respondeat superior*, or vicarious liability. Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013); accord Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Lacey v. Maricopa County, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc). "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Crowley, 734 F.3d at 977 (citing Snow, 681 F.3d at 989) (internal quotation marks omitted); accord Lemire, 726 F.3d at 1074-75; Lacey, 693 F.3d at 915-16. "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation." Crowley, 734 F.3d at 977 (citing Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)) (internal quotation marks omitted).

In this instance, Plaintiff fails to allege facts demonstrating that Defendants King, Fuentes and Gonzalez directly participated in the violations, acquiesced in the conduct of officer Chapa or acted with reckless or callous indifference to Plaintiff's rights. Plaintiff's vague and conclusory statement the "guards" were aware of what was going and failed to report officer Chapa is insufficient to give rise to a constitutional violation. Vague and conclusory allegations of participation in civil rights violations are insufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, Plaintiff must set forth sufficient facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988). Accordingly, Plaintiff has failed to state a cognizable claim against Defendants King, Fuentes and Gonzalez, and these Defendants should be dismissed.

# IV.

# DISMISSAL OF DEFENDANT CHAPA

Although the Court found that Plaintiff stated a cognizable claim against Defendant Chapa for sexual assault, the Court will recommend dismissing Defendant Chapa because Plaintiff failed to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint on Defendant Chapa. Fed. R. Civ. P. 4(m).

Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 90 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

In cases involving a plaintiff proceeding in forma pauperis, the Marshal, upon order of the Court, shall serve the summons and the complaint. 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3). "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and [he] should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties." Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (internal quotations and citation omitted), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is automatically good cause. . . ." Walker, 14 F.3d at 1422 (internal quotations and citation omitted). Thus, while an incarcerated pro se litigant proceeding in forma pauperis is entitled to rely on the service of the summons and complaint by the U.S. Marshal, the U.S. Marshal can attempt service only after being provided with the necessary information to effectuate service. Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's sua sponte dismissal of the unserved defendants is appropriate. Walker, 14 F.3d at 1421-22.

On May 23, 2016, the Court ordered the United States Marshal to serve Defendant Chapa. (ECF No. 19.) The Marshal was not able to locate Defendant Chapa and service was returned un-

5

executed on October 6, 2016. It was noted that C. Chapa was no longer employed by Kern County. (ECF No. 21.) On December 12, 2016, the Court issued a second order directing the United States Marshal to serve Defendant C. Chapa and to review personnel and/or county/state records to ascertain Chapa's current address of record. (ECF No. 31.)

On April 11, 2017, the summons was returned unexecuted. (ECF No. 36.) On the form, the Marshal notes that the address provided was for sale and appeared vacant. Contact was made with the agent selling the house who stated the house has been vacant since January and he/she did not recognize the Defendant's name. (Id.) In light of the Marshal's inability to serve Defendant Chapa, the Court issued a second order to show cause why the action should not be dismissed, without prejudice, on April 12, 2017. (ECF No. 37.) On April 28, 2017, Plaintiff filed a response to the order to the show cause, along with a motion to compel discovery and motion for federal oversight. (ECF Nos. 40, 41, 42.)

In his response to the order to show cause, Plaintiff contends that he is entitled to rely on the U.S. Marshal for service of the summons and complaint and he should not be penalized by dismissal of the action for failure to effectuate service. (ECF No. 41.) In his motion to compel, Plaintiff simply seeks the last known address for Defendant Chapa for service by the United States Marshal. (ECF No. 40.) However, as Plaintiff was previously advised, the United States Marshal has already been provided with the last known address of Defendant Chapa and attempted personal service at such address to no avail. (ECF No. 36.) Thus, there is no basis to compel further discovery of information that has already been ascertained and exhausted by the United States Marshal, and Plaintiff has failed to demonstrate good cause for failure to serve Defendant Chapa. Accordingly, the Court will recommend dismissing Defendant Chapa, without prejudice, due to Plaintiff's failure to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint within the time period prescribed by Federal Rule of Civil Procedure 4(m).

# V.

# RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. All claims and Defendants King, Fuentes and Gonzalez be dismissed from the action

for failure to state a cognizable claim for relief;

    2.    Plaintiff's claim against Defendant Chapa be dismissed, without prejudice, due to Plaintiff's failure to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint on Defendant Chapa within the time period prescribed by Federal Rule of Civil Procedure 4(m); and

    3.    The Clerk of Court is directed to randomly assign a District Judge to this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **July 17, 2018**

UNITED STATES MAGISTRATE JUDGE